IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAIICHI SANKYO, INC. and GENZYME CORPORATION, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 11-345 (NLH) (AMD) |
| WATSON PHARMACEUTICALS, INC., WATSON PHARMA, INC. and WATSON LABORATORIES, INC. (NV), | ) ) ) ) | |
| Defendants. | ) ) | |

**DAIICHI SANKYO, INC. AND GENZYME CORPORATION'S
ANSWER TO THE COUNTERCLAIMS OF WATSON LABORATORIES, INC. (NV)**

Plaintiffs Daiichi Sankyo, Inc. and Genzyme Corporation (collectively, "Plaintiffs") answer the Counterclaims of Defendant Watson Laboratories, Inc. (NV) ("Watson Labs"), using the paragraph numbers used by Watson Labs, Watson Pharmaceuticals, Inc. and Watson Pharma, Inc. (collectively, "Watson" or "Defendants") in their "Answer and Defenses to Complaint and Watson Laboratories, Inc. (NV)'s Counterclaims," dated May 6, 2011.

To the extent any of paragraphs 1-49 of Defendants' Answer are determined in whole or in part to state counterclaims or the basis for counterclaims, Plaintiffs incorporate by reference paragraphs 1-49 of their Complaint, and deny each and every additional averment contained in Defendants' paragraphs 1-49 contrary to the averments in Plaintiffs' Complaint.

To the extent any paragraphs of Defendants' Defenses are determined to state counterclaims, each and every one of the averments therein is denied, except to the extent admitted in Plaintiffs' responses to paragraphs 1-30 below.

## WATSON LABS' COUNTERCLAIMS

1.     Plaintiffs admit the averments of paragraph 1 of the Counterclaims upon information and belief.

2.     Plaintiffs admit the averments of paragraph 2 of the Counterclaims.

3.     Plaintiffs admit the averments of paragraph 3 of the Counterclaims.

4.     Plaintiffs admit the averments of paragraph 4 of the Counterclaims.

5.     Plaintiffs admit the averments of paragraph 5 of the Counterclaims.

6.     Plaintiffs admit the averments of paragraph 6 of the Counterclaims.

7.     Plaintiffs admit that Watson Labs holds Abbreviated New Drug Application No. 200-830 for 625 mg colesevelam hydrochloride tablets upon information and belief.

8.     Plaintiffs admit that they filed their Complaint in this Court alleging, *inter alia*, that Defendants infringe United States Patent No. 5,693,675 ("the '675 patent"), and hereby reassert and reallege each and every averment contained in the Complaint as if fully set forth herein.

9.     Plaintiffs admit that there is now an actual and justiciable controversy between them and Defendants concerning the '675 patent.  Except as admitted, Plaintiffs deny the averments of paragraph 9 of the Counterclaims.

10.     Plaintiffs admit that they filed the Complaint in this Court alleging, *inter alia*, that Defendants infringe United States Patent No. 5,607,669 ("the '669 patent"), and hereby reassert and reallege each and every averment contained in the Complaint as if fully set forth herein.

11.     Plaintiffs admit that there is now an actual and justiciable controversy between them and Defendants concerning the '669 patent.  Except as admitted, Plaintiffs deny the averments of paragraph 11 of the Counterclaims.

## JURISDICTION AND VENUE

12.     Plaintiffs admit that Watson Labs alleges subject matter jurisdiction under various sections of Title 28 of the United States Code.  Except as admitted, Plaintiffs deny the averments of paragraph 12 of the Counterclaims.

13.     Plaintiffs admit that Watson Labs alleges that this Court may "declare the rights and other legal relations" of the parties under various sections of Title 28 of the United States Code.  Plaintiffs also admit that there is now an actual and justiciable controversy between them and Defendants concerning the '675 and '669 patents.  Except as admitted, Plaintiffs deny the averments of paragraph 13 of the Counterclaims.

14.     Plaintiffs admit that for the purpose of this action venue is proper in this judicial district.

## FIRST COUNTERCLAIM

15.     Plaintiffs reassert and reallege their averments set forth above in response to paragraphs 1-14 of the Counterclaims and incorporate them by reference.  Plaintiffs also reassert and reallege their averments set forth in paragraphs 1-49 of their Complaint in response to paragraphs 1-49 of Defendants' Answer and incorporate them by reference.

16.     Plaintiffs admit that there is now an actual and justiciable controversy between them and Defendants concerning the '675 patent.  Except as admitted, Plaintiffs deny the averments of paragraph 16 of the Counterclaims.

17.     Plaintiffs deny the averments of paragraph 17 of the Counterclaims.

18.     Plaintiffs deny the averments of paragraph 18 of the Counterclaims.

## SECOND COUNTERCLAIM

19.     Plaintiffs reassert and reallege their averments set forth above in response to paragraphs 1-18 of the Counterclaims and incorporate them by reference.  Plaintiffs also reassert and reallege their averments set forth in paragraphs 1-49 of their Complaint in response to paragraphs 1-49 of Defendants' Answer and incorporate them by reference.

20.     Plaintiffs admit that there is now an actual and justiciable controversy between them and Defendants concerning the '669 patent.  Except as admitted, Plaintiffs deny the averments of paragraph 20 of the Counterclaims.

21.     Plaintiffs deny the averments of paragraph 21 of the Counterclaims.

22.     Plaintiffs deny the averments of paragraph 22 of the Counterclaims.

## THIRD COUNTERCLAIM

23.     Plaintiffs reassert and reallege their averments set forth above in response to paragraphs 1-22 of the Counterclaims and incorporate them by reference.  Plaintiffs also reassert and reallege their averments set forth in paragraphs 1-49 of their Complaint in response to paragraphs 1-49 of Defendants' Answer and incorporate them by reference.

24.     Plaintiffs admit that there is now an actual and justiciable controversy between them and Defendants concerning the '675 patent.  Except as admitted, Plaintiffs deny the averments of paragraph 24 of the Counterclaims.

25.     Plaintiffs deny the averments of paragraph 25 of the Counterclaims.

26.     Plaintiffs deny the averments of paragraph 26 of the Counterclaims.

## FOURTH COUNTERCLAIM

27.     Plaintiffs reassert and reallege their averments set forth above in response to paragraphs 1-26 of the Counterclaims and incorporate them by reference.  Plaintiffs also reassert and reallege their averments set forth in paragraphs 1-49 of their Complaint in response to paragraphs 1-49 of Defendants' Answer and incorporate them by reference.

28.     Plaintiffs admit that there is now an actual and justiciable controversy between them and Defendants concerning the '669 patent.  Except as admitted, Plaintiffs deny the averments of paragraph 28 of the Counterclaims.

29.     Plaintiffs deny the averments of paragraph 29 of the Counterclaims.

30.     Plaintiffs deny the averments of paragraph 30 of the Counterclaims.

## PRAYER FOR RELIEF

Plaintiffs request:

a.      An order dismissing Watson Labs' Counterclaims with prejudice and adjudging that Watson Labs is not entitled to the relief sought, or any other relief, in Defendants' Answer and Defenses to Complaint and Watson Labs' Counterclaims; and

b.      This Court award Plaintiffs the relief prayed for in their Complaint.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street, P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
*Attorneys for Plaintiffs Daiichi Sankyo, Inc.
and Genzyme Corporation*

5

OF COUNSEL:

Joseph M. O'Malley, Jr.
Bruce M. Wexler
Preston K. Ratliff II
Anthony Michael
Isaac S. Ashkenazi
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

*Attorneys for Plaintiff*
*Daiichi Sankyo, Inc.*

Scott K. Reed
Filko Prugo
Donald J. Curry
Brian D. O'Reilly
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100

*Attorneys for Plaintiff*
*Genzyme Corporation*

May 23, 2011
4279655

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Frederick L. Cottrell, III, Esquire
Steven J. Fineman, Esquire
RICHARDS, LAYTON & FINGER, P.A.

I further certify that I caused copies of the foregoing document to be served on May 23, 2011, upon the following in the manner indicated:

Frederick L. Cottrell, III, Esquire                    *VIA  ELECTRONIC MAIL*
Steven J. Fineman, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801

John L. North, Esquire                                 *VIA ELECTRONIC MAIL*
Jeffrey J. Toney, Esquire
Darcy L. Jones, Esquire
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, GA  30309

Norman E.B. Minnear, Esquire                           *VIA ELECTRONIC MAIL*
SUTHERLAND ASBILL & BRENNAN LLP
Grace Building
1114 Avenue of the Americas
40th Floor
New York, NY  10036-7703

*/s/ Rodger D. Smith II*

Rodger D. Smith II